IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN HALLOWAY,

                **Petitioner,**

    v.                                CASE NO. 06-3043-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,[1]

                **Respondents.**

### O R D E R

Petitioner proceeds pro se on pleadings amended and supplemented by the filing of a form petition seeking habeas corpus relief under 28 U.S.C. § 2254, and has paid the $5.00 district court filing fee. Petitioner seeks habeas corpus relief based on alleged constitutional error in petitioner's 1994 Kansas conviction on charges of aggravated kidnapping and forcible rape.

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) effective April 24, 1996, a one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral

---

[1] As directed by the court, petitioner submitted a form petition under 28 U.S.C. § 2254 which named the Kansas Department of Corrections and the Kansas Attorney General as respondents rather than the United States. The court liberally construes the caption as amended by petitioner's filing of the form petition. The United States, originally named as the sole respondent, is hereby dismissed.

review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending). For pre-AEDPA convictions, as at issue in this case, a state prisoner had a "grace period" of one year from April 24, 1996, to seek habeas relief in the federal courts. *See* Miller v. Marr, 141 F.3d 976 (10th Cir. 1998)(one year grace period applies to state prisoners challenging pre-AEDPA convictions).

Applying these statutes to the dates provided in petitioner's pleadings, the court finds this matter is subject to being dismissed because the application is time barred. *See* Jackson v. Sec. for Dept. of Corrections, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a § 2254 petition even though the statute of limitations is an affirmative defense).

To seek federal habeas review of alleged constitutional error in his 1994 conviction, petitioner had until April 24, 1997, to file a petition in federal court on claims that had been fully exhausted in the state courts, or to toll the running of the one year "grace" limitation period by filing a post-conviction motion in the state courts. Instead, petitioner identifies no filing in the state courts until 2001, well after the time allowed by § 2244(d)(1) had expired. Although petitioner states he has studied and "now understands" that trial and appellate counsel denied him his constitutional right to effective assistance of counsel, this bare reference to his belated discovery of such a constitutional claim is insufficient to establish any date other than April 24, 1996, as the

2

start date for the running of the one year limitation period.[2]

Nor has petitioner suggested any circumstances that existed which might warrant equitable tolling of the limitation period.  *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001).

For these reasons, the court directs petitioner to show cause why this action should not be dismissed as time barred.  The failure to file a timely response may result in the dismissal of the petition as not timely filed without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for de novo review (Doc. 1), motion of coram nobis (Doc. 2), and form petition (Doc. 4) are incorporated and construed as petitioner's amended and supplemented application for a writ of habeas corpus under 28 U.S.C.

---

[2] 28 U.S.C. § 2244(d)(1) states the limitation period "shall run from the latest of:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

§ 2254, and as naming the Kansas Department of Corrections and the Kansas Attorney General as the sole respondents.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the supplemented petition for writ of habeas corpus should not be dismissed as time barred, 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

DATED:  This 17th day of May 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge