IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN HALLOWAY,

                **Petitioner,**

     v.                                    CASE NO. 06-3043-SAC

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                **Respondents.**

## O R D E R

Petitioner proceeds pro se seeking habeas corpus relief under 28 U.S.C. § 2254 for alleged constitutional error in petitioner's 1994 Kansas conviction on charges of aggravated kidnapping and forcible rape.[1] By an order dated May 17, 2006, the court directed petitioner to show cause why the petition should not be dismissed as untimely filed within the limitations period imposed by 28 U.S.C. § 2244(d)(1).

In response, petitioner essentially contends the court should exercise its discretion to allow this matter to proceed under the

---

[1] Petitioner also seeks damages for each day of his allegedly wrongful confinement. No damages are available under 28 U.S.C. § 2254. Moreover, the United States Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 486-87 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id.

circumstances.  The court does not agree.

The statutory one year limitation period in 28 U.S.C. § 2244(d)(1) applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment, including criminal convictions prior to enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in April 1996.  28 U.S.C. § 2244(d)(1). *See* Miller v. Marr, 141 F.3d 976 (10th Cir. 1998)(one year grace period applies to state prisoners challenging pre-AEDPA convictions).  No statutory tolling of this limitations period, 28 U.S.C. § 2244(d)(2) is available under the facts presented in the record.

Equitable tolling of the statutory limitations period is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001).  The court finds, however, that petitioner has made no such showing in this case.

Accordingly, the court concludes the petition for writ of habeas corpus should be dismissed as time barred.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED:  This 22nd day of June 2006 at Topeka, Kansas.

                     s/ Sam A. Crow
                     SAM A. CROW
                     U.S. Senior District Judge